An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MAYERLING SEQUEIRA,
Appellant,
vs.
PATRICK BOURN, INDIVIDUALLY;
AND BRADLEY BOURN,
INDIVIDUALLY,
Respondents.

No. 65283

FILED

OCT 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a judgment, entered after a short trial jury verdict, awarding costs and attorney fees in a tort action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant was injured in a car accident and alleges that respondent Patrick Bourn negligently collided with her car. After court-annexed arbitration, appellant filed a request for a trial de novo, and a jury trial was held through the short-trial program. The jury returned a verdict in favor of respondents, and the district court approved the take-nothing judgment and awarded attorney fees and costs. This appeal followed.[1]

Appellant argues that the district court erred in connection with "inconsistency and omission of facts." We review the determination whether to admit or exclude evidence for an abuse of discretion. *M.C. Multi-Family Dev. v. Crestdale Assocs.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008). Appellant has not identified any particular fact or evidence

---

[1]As it does not appear that the short trial was recorded or that transcripts are necessary for resolving this appeal, we decline to order the transcript requested on August 6, 2014. NRAP 11(a)(2).

15-31614

that was improperly excluded by the district court, and we thus conclude that the district court did not abuse its discretion in this regard.

Appellant argues that the district court abused its discretion for the "high cost of personal damages incurred and attorney fees in favor of the respondent from the appellant." Appellant also argues that the district court erred in awarding attorney fees and costs when Patrick Bourn was found at fault by the police, showing bias by awarding fees to respondents and disregarding NRCP 54(d)(2) after respondents untimely sought fees. We review the district court's decision to award attorney fees or costs for an abuse of discretion. *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 614 (2015). Appellant's damages and expenses incurred do not constitute a basis for relief, and appellant has not shown that the district court relied upon a clearly erroneous factual determination or disregarded controlling law. *See id.* Respondents were the prevailing parties and were entitled to recover attorney fees and costs under NSTR 27(b). The record shows the district court awarded respondents attorney fees and costs under NSTR 27(b) promptly after the jury verdict, and appellant has not shown that the district court abused its discretion. *See* NRCP 54(d).

Appellant argues that the district court erred in conducting a "highly irregular procedural series of hearings" that did not constitute legal proceedings because they failed to consider controlling law and public policy. "District courts have wide discretion to control the conduct of proceedings pending before them." *Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 453, 92 P.3d 1239, 1244 (2004). As appellant has not identified controlling authority or public policy that was not considered and the authority cited is distinguishable, we conclude that the district court did not abuse its discretion.

Appellant argues that the district court showed bias by accepting conclusory allegations that were not based on verifiable facts. Appellant has failed to specifically allege or demonstrate of any improper motive or instances of actual bias, and, accordingly, we conclude that this basis lacks merit. *See Sonner v. State*, 112 Nev. 1328, 1335, 930 P.2d 707, 712 (1996), *modified on rehearing on other grounds*, 114 Nev. 321, 955 P.2d 673 (1998).

Appellant argues that she was entitled to recover damages for lost wages and medical expenses even if she had been partially reimbursed. As appellant failed to establish respondents' liability before the district court or here, determining damages is not necessary. Thus, we conclude this argument lacks merit.

Appellant argues against the credibility of respondents' expert but fails to identify error related to that testimony, and we thereby conclude that the district court did not abuse its discretion. *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008). Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc:  Hon. Rob Bare, District Judge
     Dorothy J. Kyle, Short Trial Judge
     Mayerling Sequeira
     Law Offices of Katherine M. Barker
     Eighth District Court Clerk